# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-40484
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2026

Lyle W. Cayce
Clerk

John Hurt,

*Plaintiff—Appellant*,

*versus*

Brandon Garcia; Scott Sorbet; Julie Mandrell; Connie Hambrick; Hilltop Holdings, Incorporated; Dudley Strawn,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:25-CV-550

————————————————————————

Before Higginson, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

John Hurt appeals the dismissal of his *pro se* lawsuit against his former co-workers and supervisors and the denial of his request to amend his complaint. We AFFIRM.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40484

I

Hurt worked as a Senior Sarbanes-Oxley Analyst at Hilltop Holdings, Inc. In April 2025, he filed a *pro se* lawsuit in Texas state court against four employees of Hilltop, alleging age discrimination under the Age Discrimination in Employment Act (ADEA) and Texas Labor Code § 21.051, disability discrimination in violation of the Americans with Disabilities Act (ADA) and Texas Labor Code §§ 21.051 and 21.128, retaliation under the ADA and Texas Labor Code § 21.055, statutory constructive discharge, harassment and hostile work environment under Title VII of the Civil Rights Act of 1964 and the Texas Labor Code, and Texas common law claims for constructive discharge, intentional infliction of emotional distress (IIED), and civil conspiracy.

After removing the lawsuit to federal court, the defendants moved to dismiss Hurt's claims against them under Rule 12(b)(6). They argued, in part, that the original petition should be dismissed in its entirety because (1) they were not Hurt's employer and therefore could not be held individually liable under the ADEA, the ADA, or Title VII; (2) Hurt failed to exhaust his administrative remedies before filing his federal employment claims; and (3) Hurt's common-law claims were either preempted by his statutory claims or otherwise failed on the face of the pleadings. In response, Hurt maintained the sufficiency of his petition. He also requested leave to amend under Rule 15(a)(2) to cure any deficiencies and to add Hilltop as a defendant.

The next day, the magistrate judge entered an order requiring the parties "to replead as necessary to comply with the Federal Rules of Civil Procedure and the court's Local Rules." The order explained that, although the Federal Rules of Civil Procedure do not require parties to replead after removal, Rule 9 "sets forth heightened pleading requirements for certain

2

matters." It directed Hurt to file an amended complaint, but only as necessary to comply with those requirements, by June 30, 2025.

On June 26, 2025, the magistrate judge recommended dismissal of Hurt's federal law claims because non-employers are not liable under the ADA, the ADEA, or Title VII, and Hurt failed to exhaust his administrative remedies before filing suit, and remand of his remaining state law claims. The magistrate judge also recommended denial of Hurt's request to amend his petition based on futility.

Hurt filed a first amended complaint on June 27, 2025, followed by a substantially similar second amended complaint the next day. The second amended complaint included the original claims and allegations but added Hilltop and its Director of Human Resources as defendants, attached 25 exhibits, and asserted new causes of action.[1] The defendants moved to strike both amended complaints.

Both sides filed objections. The district court adopted in part and modified in part the magistrate judge's recommendations, granted the motion to dismiss in full, denied all pending motions as moot, and entered final judgment dismissing the case with prejudice. The district court agreed with the magistrate judge that Hurt's federal causes of action against the individual defendants should be dismissed with prejudice. The district court concluded that Hurt's state law employment discrimination and retaliation claims were subject to dismissal because the Texas Labor Code, like the ADA, the ADEA, and Title VII, does not provide for individual liability. It also dismissed his common law claims, finding that constructive discharge is

---

[1] Hurt added claims under the Family and Medical Leave Act and the Sarbanes-Oxley Act, a claim for intrusion upon seclusion, requests for declaratory relief under 28 U.S.C. § 2201 and Texas Civil Practice & Remedies Code § 37.001 *et seq.*, and a gross negligence claim against Hilltop only.

not a standalone cause of action under Texas law, his IIED claim was preempted by his statutory claims, and his civil conspiracy claim failed because civil conspiracy is a derivative tort and his underlying causes of action had been dismissed. Hurt immediately filed a motion to alter or amend judgment under Rule 59(e), which the district court denied.

## II

We review de novo a motion to dismiss under Rule 12(b)(6), accepting all well-pleaded facts as true and interpreting them in the light most favorable to the plaintiff. *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

We generally review the denial of a request for leave to amend for abuse of discretion. *Def. Distributed v. Platkin*, 55 F.4th 486, 494 (5th Cir. 2022). "When a denial of a motion for leave to amend a complaint is based on the futility of the amendment, the court applies 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Ford v. Anderson Cnty.*, 102 F.4th 292, 318 (5th Cir. 2024) (quoting *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

## III

Hurt argues that the district court erred when it dismissed his original petition because the second amended complaint is the operative complaint. We disagree.

Ordinarily, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings, permits a party to amend its complaint "once as a

matter of course" within 21 days after serving it or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1). Otherwise, amendment requires the opposing party's consent or the court's leave. *Id.* 15(a)(2). An amended complaint that does not comply with the requirements of Rule 15(a) has "no legal effect." *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) (holding that amended complaint filed without the district court's leave had "no legal effect").

Hurt does not argue that he could amend his original petition as of right or that the defendants consented to the amendment. He instead argues that the second amended complaint is the operative pleading because it was timely filed under the repleading order. But that order directed him to replead only to the extent necessary to comply with federal pleading standards, including Rule 9's heightened pleading requirements. Hurt did not assert a claim that would be subject to Rule 9, and he does not contend that the second amended complaint was necessary to cure any pleading deficiencies in his original petition. In fact, he emphasized in his opposition to the defendants' motion to dismiss that his original petition met "the requirements of Rule 8(a) and Rule 12(b)(6)." Because Hurt's second amended complaint failed to comply with Rule 15(a) and exceeded the scope of the repleading order, it has no legal effect and did not become the operative complaint. *See HealthSouth Corp.*, 332 F.3d at 296.

IV

Hurt argues that the district court erred in denying him leave to file his second amended complaint.

Rule 15(a)(2) provides that the district court "should freely give leave [to amend] when justice so requires." "Although Rule 15(a) requires the district court to grant leave to amend freely, leave to amend is in no way

automatic." *Body by Cook, Inc. v. State Farm Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (citation modified). A district court may deny a motion to amend "if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016).

Here, the district court dismissed all of Hurt's claims against the defendants for failure to state a claim on which relief could be granted. It denied Hurt an opportunity to amend based on futility. The district court found that Hurt could not maintain employment discrimination and retaliation claims against the defendants in their individual capacities, and that allowing Hurt to amend his original petition to include his employer would be futile because he failed to exhaust his administrative remedies before filing suit.

Hurt does not challenge the dismissal of his original petition under Rule 12(b)(6) or the district court's futility determination. He asserts that the second amended complaint contains additional allegations concerning harassment and retaliation, but he fails to explain how they overcame the deficiencies found by the district court. And although the second amended complaint adds new claims, Hurt "advances no arguments for why [those] claims have any merit." *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 363–64 (5th Cir. 2017); *see, e.g., Matter of Ondova Ltd. Co.*, 914 F.3d 990, 994 (5th Cir. 2019) (concluding that any challenge to a denied motion to amend on futility grounds was waived where appellant "failed to raise the new causes of action contained within his proposed amended complaint in his briefs or argue that the district court erred in finding these claims unsuccessful"). Because Hurt has not briefed any argument contesting the district court's determination

that amendment would be futile, he has forfeited the review of his argument that the district court erred in denying his motion to amend. *See* FED. R. APP. P. 28(a)(8)(A); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (citation omitted)); *see*, *e.g.*, *Bynane*, 866 F.3d at 363 (holding that appellant "waived any challenge to the district court's futility ruling by failing to adequately brief the issue").

AFFIRMED.